UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>ROBERT ARTHUR GOMEZ (3),<br><br>                         Defendant. | Case Nos.: 10CR0161-JLS<br>               16CV1658-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 and DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Defendant's request for relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). (ECF 104). The Court has considered Defendant's request together with the record in this case and, for the reasons set forth below, will construe Defendant's request as motion under 28 U.S.C. § 2255 and dismiss Defendant's motion as time-barred.

**Background**

Defendant Gomez pled guilty to the offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of his plea agreement, Defendant admitted being a "Career Offender" under U.S. Sentencing Guideline Section 4B1.1. (ECF 53:7). At a sentencing hearing held on December 3, 2010, the Court followed the terms of the plea agreement and imposed a sentence of 151

1

10CR0161-JLS
16CV1658-JLS

months' imprisonment. Defendant filed the instant motion on June 24, 2016. Although his motion does not specifically refer to 28 U.S.C. § 2255, the Court construes his submission as a motion under § 2255 as that is the only plausible means of correcting an allegedly illegal sentence in this circumstance. *See e.g., Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court…").[1]

## Analysis

Defendant's motion was filed more than one year after his conviction became final[2] and is therefore untimely pursuant to 28 U.S.C. § 2255(f)(1). Defendant has not alleged or demonstrated that any of the alternative limitation periods set forth in Section 2255(f) are applicable with respect to this motion.

Defendant suggests that his motion, filed on June 24, 2016, is timely pursuant to 28 U.S.C. § 2255(f)(3)[3] in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. In this case, Defendant contends this Court impermissibly increased his sentence in reliance on the residual clause of the Career Offender provision of the U.S. Sentencing Guidelines. This argument, however, is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the Supreme Court held that the residual clause in the Sentencing

---

[1] Because the motion was filed well outside the 1-year 28 U.S.C. § 2255(f)(1) limitations period, the Court is not persuaded that such a construction operates to Defendant's disadvantage. *See e.g., United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (Court's characterization of letter as motion pursuant to Section 2255 is meant to benefit the pro se prisoner and should not be invoked to the prisoner's disadvantage).

[2] Defendant was sentenced on December 3, 2010 and he filed no notice of appeal. Thus, his conviction became final 14 days later. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

[3] 28 U.S.C. § 2255(f)(3) provides for a one year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Guidelines, which is textually identical to the residual clause in the ACCA, "[is] not subject to a challenge under the void-for-vagueness doctrine." 137 S. Ct. at 896. Therefore, *Johnson* is not applicable in this case and thus cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

Defendant also suggests that the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013) may afford him relief. However, Defendant's motion was filed more than one year after *Descamps* was decided on June 20, 2013. Moreover, *Descamps* did not recognize a new rule of law, but merely clarified existing precedent. *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("As the Supreme Court and other circuits have recognized, *Descamps* did not announce a new rule—its holding merely clarified existing precedent.") Thus, *Descamps* cannot serve to extend the limitations period under 28 U.S.C. § 2255(f)(3).

## Conclusion

The Court construes Defendant's motion and request for relief as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and finds Defendant's motion to be time-barred under 28 U.S.C. §2255(f). Accordingly, Defendant's motion and request for relief (ECF No. 104) is **Hereby Dismissed.** Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right. See 28 U.S.C. § 2253(c)(2) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right"). The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

Dated: August 24, 2018

Hon. Janis L. Sammartino
United States District Judge